IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

     Vs.                           No.  07-40030-01-SAC

BERNARD HARVEY,

                Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's pretrial Motion to Compel Discovery Regarding Informant (Dk. 9), Motion for Discovery (Dk. 10), and  Motion to Suppress Evidence (Dk. 11).  The government has filed a consolidated response.  (Dk. 15).  The matter came before the court for hearing on September 12, 2007, at 10:00 a.m.  After hearing the parties' arguments and evidence, the court is ready to rule.

**INDICTMENT**

        Bernard Harvey is the sole defendant named in a three-count indictment.  He is charged with using a telephone in the commission of a drug felony violation on or about June 8, 2006, with distributing crack cocaine within 1,000 feet of a public school on or about June 8, 2006, and with possessing on or about June 15, 2006, ammunition after a felony

conviction.

## MOTION TO COMPEL DISCOVERY REGARDING INFORMANT (Dk. 9)
## MOTION FOR DISCOVERY (Dk. 10)

Following the hearing, counsel met and conferred over any outstanding discovery requests.  The defense counsel subsequently wrote the court indicating that the government had furnished or promised to furnish all requested discovery and that the discovery motions were moot. The court denies the same as moot based on this written representation.

## MOTION TO SUPPRESS EVIDENCE (Dk. 11).

The defendant seeks to suppress from evidence all items seized from his residence in Junction City, Kansas, on June 15, 2006, during the execution of a search warrant.  The defendant challenges as deficient the affidavit given in support of the warrant.  The defendant argues the affidavit describes a prior controlled buy without linking it to the defendant's residence and describes an anticipated event in which the defendant later did not participate.  The defendant summarily claims there is nothing in the affidavit which would lead a neutral and detached magistrate to believe contraband or evidence would be found at this residence.

The government notes that two search warrants on two

2

different residences in Junction City, Kansas, were issued and executed on the same day.  One warrant was for 948 Grant Ave. # 30, a trailer home where the defendant was arrested.  The other warrant was for a house at in Junction City which the defendant gave as his residence to his probation officer.  Unclear as to which warrant was the subject of the defendant's motion, the government filed a written response defending the sufficiency of the affidavit for both warrants.  At the hearing, the defendant clarified that his motion only addressed the evidence seized at his stated residence.  Thus, the court will address the affidavit's sufficiency for the search warrant issued for this residence.

Probable cause to issue a search warrant exists when the facts and circumstances laid out in the supporting affidavit "would lead a prudent person to believe a fair probability exists that contraband or evidence of a crime will be found in a particular place."  *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir.2001) (citing United States v. Wicks, 995 F.2d 964, 972-73 (10th Cir.), *cert. denied*, 510 U.S. 982 (1993)), *cert. denied*, 535 U.S. 945 (2002).  The task of an issuing judge is "to make a practical, common-sense determination" from the totality of the circumstances whether "there is a fair probability that contraband or evidence of a crime

3

will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing judge is expected to draw reasonable inferences from the affidavits. *See United States v. Edmonson*, 962 F.2d 1535, 1540 (10th Cir. 1992).

If the judge only considered a supporting affidavit in issuing the warrant, the reviewing court likewise determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners. *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971); *United States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005). In determining whether probable cause supports the search warrant, the court assesses the sufficiency of the underlying affidavit against the totality of the circumstances to ensure "the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Tisdale*, 248 F.3d 964, 970 (10th Cir. 2001) (internal citations and quotations omitted), *cert. denied*, 534 U.S. 1153 (2002). "Searches conducted pursuant to a warrant are favored, and as such, the magistrate's determination that probable cause exists is entitled to great deference." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir.2005) (citations omitted).

4

The existence of probable cause is a "common-sense standard." *United States v. Wicks*, 995 F.2d at 972. "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232. Probable cause is more than a mere suspicion, but considerably less than what is necessary to convict someone. *United States v. Ventresca*, 380 U.S. 102 (1965). Probable cause "requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). Hearsay evidence may form the basis for a probable cause determination. *See, e.g., Jones v. United States*, 362 U.S. 257, 269, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960) (the use of hearsay evidence is sufficient to establish probable cause "so long as a substantial basis for crediting the hearsay is presented.")

"[O]fficers are generally not required to second-guess the magistrate's decision in granting a warrant." *United States v. Gonzales*, 399 F.3d at 1228-29. Consequently, even if a search warrant is ultimately found unsupported by probable cause, evidence seized pursuant to it will not be suppressed when the officers executing the warrant "acted with an

objective good-faith belief that the warrant was properly issued by a neutral magistrate." *United States v. Danhauer*, 229 F.3d 1002, 10 06 (10th Cir.2000), *see United States v. Leon*, 468 U.S. 897, 922-23 (1984). "'Just as reviewing courts give 'great deference' to the decisions of judicial officers who make probable cause determinations, police officers should be entitled to rely upon the probable-cause determination of a neutral magistrate when defending an attack on their good faith for either seeking or executing a search warrant.'" *United States v. Soderstrand*, 412 F.3d 1146, 1153 (10th Cir.2005) (quoting *United States v. Tuter*, 240 F.3d 1292, 1300 (10th Cir.), *cert. denied*, 534 U.S. 886, 122 S. Ct. 195, 151 L. Ed. 2d 137 (2001)), *cert. denied*, 547 U.S. 1004 (2006).

In exercising the exclusionary rule, the court's "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Leon*, 468 U.S. at 923 n. 23. "In answering this question, the court should consider all of the circumstances and assume that the executing officers have a 'reasonable knowledge of what the law prohibits.'" *United States v. Riccardi*, 405 F.3d 852, 863 (10th Cir.) (quoting *Leon*, 468 U.S. at 919 n.

6

20), *cert. denied*, 546 U.S. 1083 (2005).  The Supreme Court in *Leon* identified four situations in which officers relying on an invalid warrant could not benefit from the good faith exception to the exclusionary rule.  468 U.S. at 922-23.  The defendant summarily argues the following two apply:  1) the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and 2) the magistrate "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."  468 U.S. at 923; *United States v. Gonzales*, 399 F. 3d at 1229.

"In reviewing suppression motions, courts have the discretion to proceed directly to an analysis of the good-faith exception without first addressing the underlying Fourth Amendment question."  *United States v. Danhauer*, 229 F.3d at 1005.  Focusing on the nexus between the criminal activity and his residence, the defendant's principal arguments both call into question whether the warrant is supported by probable cause and whether the good-faith exception is applicable here.  The defendant's memorandum fails to identify what information found in the affidavit was misleading to the magistrate and was known or should have been known

by the affiant to be false.  At the hearing, the defendant opposed the introduction of evidence clarifying that he was not challenging the affiant's actual or constructive knowledge of the truthfulness of matters averred in the affidavit.  Thus, the court will collapse its analysis of probable cause and the good-faith exception and limit its review to the four-corners of the affidavit.

Probable cause to search a location does not depend on direct evidence or personal knowledge that evidence or contraband is located there.  *United States v. Hargus*, 128 F.3d 1358, 1362 (10th Cir. 1997), *cert. denied*, 523 U.S. 1079 (1998).  The affidavit need not aver that criminal activity actually occurred in that location.  *See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 874 (10th Cir. 1992).  It is enough when the affidavit establishes a "nexus between the objects to be seized and the place to be searched" from which "a person of reasonable caution" would "believe that the articles sought would be found" there. *Hargus*, 128 F.3d at 1362.  This nexus "may be established through . . . normal inferences as to where the articles sought would be located." *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir.1982).

The court finds not only that the affidavit establishes a sufficient

8

link between the defendant's residence and the described criminal activity but that a reasonably well-trained officer would have relied in objective good faith on the magistrate's authorization of the search.  The affidavit lays out the following facts establishing a nexus between the defendant's residence and his unlawful possession of a firearm and drug trafficking activity.  The defendant was recently convicted of felony drug charges[1] and had told his court services officer that he lived at a particular residence. The informant and an undercover agent arranged the purchase of marijuana from a distributor named Dammian, and on June 2, 2006, they made their purchase from Dammian's girlfriend.  Five days later, the informant told the affiant that the defendant was Dammian's supplier and that the defendant had admitted to currently owning a .45 caliber handgun but had asked about purchasing a Glock handgun with a silencer to protect himself and to shoot a cop.  The informant further advised the affiant that he had arranged to purchase crack cocaine from the defendant on June 8,

---

[1]"The use of prior arrests and convictions is not only permissible, . . . but is often useful.  This is especially so where, as in the matter presently before the court, the previous arrest or conviction involves a crime of the same general nature as the one which the warrant is seeking to uncover.' *United States v. Conley*, 4 F.3d 1200, 1207 (3d Cir. 1993)[, *cert. denied*, 510 U.S. 1177 (1994) ]."  *United States v. Broyles*, 2002 WL 1808751 at *2 (D. Kan. 2002).

2006.  Thus, the affidavit shows the defendant to be an active and regular supplier of controlled substances who resides at a particular location and who possesses a handgun.

The nexus between the defendant's residence and evidence of criminal activity is also established by the facts surrounding the defendant's subsequent sale of crack cocaine.  As laid out in the affidavit, the affiant met with the informant on June 8, 2006, and learned that the informant would be meeting the defendant at the corner of 14th Street and Jefferson Street.  When the informant and the undercover agent picked up the defendant, he instructed them to pull into the driveway of his residence and then used the informant's cell phone to call someone about delivering the drugs.  When the defendant was unable to provide the drugs at that time, they parted company and waited for the defendant to call.  He contacted them later that day and they returned to the defendant's residence.  The defendant joined them in the car and shortly thereafter went inside his residence to make a phone call.  The defendant returned to the agent's car but got out when a pickup arrived.  After meeting with the occupants of the pickup, the defendant completed the sale of cocaine to the informant and agent.

10

It was reasonable for the officers and the magistrate "to believe there was a fair probability that additional evidence" of criminal activity (*e.g.* firearms, drug paraphernalia, records of drug sales, and other drugs) "would be found" inside the defendant's residence when the drug transaction had actually occurred just outside of it, the defendant had made arrangements for the transaction while inside the house, and when the defendant admitted to owning a firearm which is likely to be kept where the defendant lives. *See United States v. Sparks*, 291 F.3d 683, 689-90 (10th Cir. 2002) (citing *United States v. Whitner*, 219 F.3d 289, 297-99 (3rd Cir. 2000) for its citation of "various cases and agreeing that evidence of involvement in the drug trade is likely to be found where drug dealers reside.")  The detail and length of the supporting affidavit here belies any effort to characterize it as a "bare bones" affidavit and cannot be criticized as nothing more than conclusory statements devoid of factual support.  The defendant's motion to suppress is denied.

IT IS THEREFORE ORDERED that the defendant's Motion to Compel Discovery Regarding Informant (Dk. 9) and Motion for Discovery (Dk. 10) are denied as moot;

IT IS FURTHER ORDERED that the defendant's Motion to

11

Suppress Evidence (Dk. 11) is denied.

Dated this 2nd day of October, 2007, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge