IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                        No. 07-40030-01-SAC

BERNARD HARVEY,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the defendant Bernard Harvey's *pro se* "motion for time credited." (Dk. 60). Mr. Harvey pleaded guilty to an information containing a single count of maintaining a drug-involved premises in violation of 21 U.S.C. § 856. The court sentenced Mr. Harvey on June 8, 2008, to a 41-month term of imprisonment and a two-year term of supervised release. (Dk. 54). Mr. Harvey's supervision commenced on March 18, 2011, and the terms of his supervision were modified in May of 2011 to include mental health counseling. (Dk. 57). The court again modified the terms in October of 2011 and placed Mr. Harvey on 180 days of home detention following his arrest for possession of cocaine in September. (Dk. 58). A year later in August of 2012, Mr. Harvey was arrested and charged in state court on new felony charges, and the federal court issued a sealed order in response to Mr. Harvey's latest criminal activity. (Dk. 59).

The court received correspondence from Mr. Harvey in July of 2013. He states that he is in the Sedgwick County Jail and that there is a "federal hold" placed against him for violating his federal supervised release. He offers that his federal supervised released ended in March of 2013 and questions why this federal hold still exists and why he has not been brought before a magistrate judge pursuant to Fed. R. Crim. P. 32.1. (Dk. 61). Besides this letter, the court is in receipt of Mr. Harvey's pending motion in which he again questions the federal hold, the lack of notice about the federal hold, the failure of federal offices to answer his questions on why his supervised release has not expired in March of 2013, and the effect of this federal hold upon his ability to be released pending trial on the state charges. (Dk. 60). Mr. Harvey asks the court to vacate any time remaining on his supervised release, to credit him with his time of detention on state charges, and to lift the federal hold.

Being held in state custody, Mr. Harvey is not entitled to a hearing under Rule 32.1 which speaks only to "those currently in federal custody." *United States v. Swenson*, 346 Fed. Appx. 325, 326 n. 1, 2009 WL 3089065 (10th Cir. 2009)(citing *United States v. Swenson*, 250 Fed. Appx. 838, 839-40 (10th Cir. 2007)); *United States v. Sussman*, 444 Fed. Appx 302, 304, 2011 WL 5148967 (10th Cir. 2011) ("His revocation hearing could not have proceeded [under Rule 32.1] until he was in federal custody."). Thus, Mr. Harvey has no presently viable complaint that his right under Rule

32.1 to a timely hearing before a magistrate judge is being or has been violated.

Nor does Mr. Harvey have any legal or factual basis for seeking the relief in his motion. His "term of supervised release does not run during any period in which the person [he] is imprisoned in connection with a conviction for a . . . State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). If convicted on the state charges, then Mr. Harvey's term of federal supervised release will be tolled throughout his period of state imprisonment. Supervised release does not run while Mr. Harvey is in custody on a conviction. *See United States v. Johnson*, 529 U.S. 53, 57-58 (2000).

Mr. Harvey's conduct for which he was arrested in August 2012 occurred during the term of his supervised release. By statute, this court retains the power to revoke his supervised release and order a term of imprisonment "'for any period reasonably necessary for the adjudication of matters arising before [the] expiration [of the term of supervised release] if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.'" *United States v. Broemmel*, 428 Fed. Appx. 832, 835, 2011 WL 2600409 (10th Cir. 2009)(quoting 18 U.S.C. § 3583(i)). The court ordered the issuance of a warrant in the sealed order of August 28, 2012. (Dk. 59). Thus, this court retains jurisdiction to revoke Mr. Harvey's supervised release.

Finally, Mr. Harvey's complaints about the effects from the federal hold are not constitutionally viable. The Tenth Circuit has rejected any constitutional claims based on these circumstances:

> The Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Any "collateral adverse consequences" of the government's decision to lodge a detainer while Sussman remained in state custody did not trigger due process protections. *See United States v. Romero*, 511 F.3d 1281, 1284-85 (10th Cir. 2008) (rejecting similar argument that due process protections were triggered when a federal detainer was filed with a state jail but the warrant remained unexecuted).

*United States v. Sussman*, 444 Fed. Appx. at 304. In *Romero*, the defendant filed a motion similar to Mr. Harvey's seeking credit for his state sentence against any federal sentence for a supervised release violation. The federal district court treated the defendant's request as premature, because the adjudication of his supervised release violation would await his completion of the state sentence. 511 F.3d at 1283. On appeal, Mr. Romero complained of the "possible interim consequences" from the federal detainer and argued the federal court should be required to adjudicate immediately the supervised release violation and have the sentences run concurrently. *Id.* at 1284. The Tenth Circuit rejected this argument:

> The Supreme Court has stated that the Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers. Interstate Agreement on Detainers Act, 18 U.S.C.A.App. § 2, Art. III(a); *see Carman v. Nash*, 473 U.S. 716, 726, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *McDonald v. New Mexico Parole Bd.*,

955 F. 2d 631, 633 (10th Cir. 1991). And there is no constitutional duty to provide prisoners an adversary parole hearing until they are taken into custody as parole violators. *Moody v. Daggett*, 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Because no warrant has been executed, Mr. Romero is not yet entitled to any of these procedural protections.

511 F.3d at 1284. The same is true for Mr. Harvey. Because no federal warrant has been executed on him, Mr. Harvey has no federally recognized foundation for asserting procedural protections for his situation or for receiving any relief based on it.

IT IS THEREFORE ORDERED that the defendant's "motion for time credited" (Dk. 60) is denied.

Dated this 5th day of November, 2013, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge